IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH J. VELTRI, JR. and
THERESA VELTRI, husband and wife,

      Plaintiffs,

v.                                                       Civil Action No. 5:09CV101
                                                                                 (STAMP)

GRAYBAR ELECTRIC COMPANY, INC.,

      Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT GRAYBAR ELECTRIC COMPANY'S
PARTIAL MOTION TO DISMISS;
DENYING AS MOOT DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR ORAL ARGUMENT**

I.   Procedural History

The plaintiffs, Joseph J. Veltri, Jr. and Theresa Veltri ("Veltri"), filed a complaint against Graybar Electric Company, Inc. ("Graybar") in the Circuit Court of Ohio County, West Virginia. Plaintiffs asserted six causes of action: (1) age discrimination in violation of the West Virginia Human Rights Act ("WVHRA"); (2) disability discrimination in violation of the WVHRA; (3) breach of employee handbook and established practices of the company; (4) breach of public policy; (5) the tort of outrage; and (6) loss of consortium.

On September 8, 2009, the defendant removed the action to this Court. Defendant Graybar then filed a partial motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), or in the alternative, a motion for partial summary judgment pursuant to Rule 56(c). The plaintiffs filed a response, to which Graybar

did not respond. Instead, Graybar filed a request for an oral argument on the partial motion to dismiss. The plaintiffs took no position on this motion.

For the reasons stated below, this Court finds that defendant Graybar's motion to dismiss Counts III, IV, V, and VI of the plaintiffs' complaint must be granted; defendant's alternative motion for summary judgment must be denied as moot; and defendant's motion for oral argument must be denied.

## II. Facts[1]

The plaintiff, Joseph Veltri, was an at-will employee in defendant Graybar's Wheeling, West Virginia office for twenty-eight years. Graybar terminated Veltri's employment on June 30, 2009. Veltri's employment contract featured an acknowledgment, which he signed, stating ". . . I agree that my employment may be terminated by [Graybar] at anytime without advanced notice . . ."

Veltri was born on September 17, 1958. He suffers from diabetes and he endures various hardships as a result of this disease, including a total right knee replacement, severe osteoarthritis in his left knee, obesity (body weight of 330 pounds), and swelling in his legs. Veltri alleges that these factors limit his major life activities.

When Veltri's employment was terminated by Graybar, he was earning $51,000.00 per year, plus benefits. All wages, bonuses and

---

[1] For purposes of deciding this motion, the facts are based upon the allegations contained in the complaint.

benefits were lost upon his dismissal. Veltri asserts that as a direct result of his dismissal from Graybar, he has suffered emotional distress, mental anguish, embarrassment, and humiliation.

Additionally, Veltri, having spent twenty-eight years at Graybar, was approximately two years away from earning the right to a "Class C" pension. He is currently entitled only to a "Class B" pension, which is of lesser value than a "Class C" pension. Veltri alleges that Graybar dismissed him after twenty-eight years of employment as a cost-saving measure.

Veltri also alleges that, during his time of employment with Graybar, the company adhered to a well-established policy of making major employment decisions on the basis of seniority. Veltri asserts that despite the consistency of this approach, at the time of his dismissal there were several employees in Graybar's Wheeling office with less seniority and whose jobs he was qualified to perform. He also alleges that his termination violated an employee handbook known as "The General Instructions" and that this book, along with the established practices of Graybar with regard to seniority, represented an implied contract between the parties.

Plaintiffs also allege that Theresa Veltri, wife of Joseph Veltri and co-plaintiff, suffered loss of consortium, solace, advice, and other spousal benefits as a result of her husband's termination.

### III. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a).

Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

This court will address only the defendant's partial motion to dismiss under Rule 12(b)(6) and will not rule on the defendant's motion for partial summary judgment pursuant to Rule 56(c).

IV. Discussion

A. Count III: Breach of Employee Handbook and Established Practices of the Company

Veltri asserts that Graybar's termination of his employment was unlawful based on the company's "established practices and policies" as well as the guidelines of an employee handbook known as "The General Instructions." Graybar argues that Veltri's claim is without merit due to the plaintiff's status as an at-will employee and the absence of any facts in the complaint that show a change in this status during his employment with Graybar.

5

Veltri, based upon his own acknowledgment, was an at-will employee of Graybar. Under West Virginia law, Graybar had the right to terminate Veltri's at-will employment at any time because their agreement was not for a fixed term. See Hatfield v. Health Mgmt. Assocs. Of W. Va. Inc., 672 S.E.2d 395, 401 (W. Va. 2008); Wright v. Standard Ultramarine & Color Co., 90 S.E.2d 459, 468 (W. Va. 1955). One exception to this general rule is that "a binding and enforceable legal contract may be initiated through a promise of job security contained in an employee handbook" and this will suffice to modify at-will employment. Pleasant v. Elk Run Coal Co., 486 S.E.2d 798, 802 (W. Va. 1997) (citing Cook v. Heck's Inc., 342 S.E.2d 453, 459 (W. Va. 1986)). Veltri, however, has not presented facts that indicate the existence of such a provision in an employee handbook. Thus, Veltri's claim is insufficient in light of the view under West Virginia law that "every employment relation is terminable at will" and for this presumptive relationship to be altered, the promises alleged "must be *very definite* to be enforceable." Sutter v. Harsco Corp., 403 S.E.2d 751, 754 (W. Va. 1991)(emphasis in original).

Veltri's claim does not assert any facts indicating that definite or indefinite promises were made to him by the defendant regarding employment other than those found in the original contract. Moreover, even if Graybar did violate a company policy by terminating Veltri's employment despite the fact that he had seniority over employees who remained, past courts have declined to

enforce the internal policies of defendant companies. See Harshbarger v. CSX Transp., Inc., 478 F. Supp. 890, 894 (S.D. W. Va. 2006).

Therefore, based on the insufficiency of the foregoing facts contained in the plaintiffs' complaint, the claim for breach of employee handbook and established practices of the company is not plausible on its face. Twombly, 550 U.S. at 570. Consequently, Count III of the complaint is dismissed.

B. Count IV: Breach of Public Policy

Veltri alleges that Graybar breached public policy in violation of the laws of West Virginia when defendant terminated plaintiff's employment. The alleged breach is predicated on the assertion that had Veltri been employed for an additional two years, he would have been eligible for a more lucrative pension plan featuring enhanced retirement benefits. Veltri thus relies on the inference that Graybar terminated his employment as a cost saving measure, violating West Virginia public policy as a result.

The general rule under West Virginia law that at-will employment is freely terminable by either party is subject to exception if the employee can show that the employer's motivation for discharge "contravenes some substantial public policy." Harless v. First Nat'l Bank, 246 S.E.2d 270, 273 (W. Va. 1978). The existence of a "substantial public policy" as articulated in Harless is to be construed narrowly. See Washington v. Union Carbide Corp., 870 F.2d 957, 962 (4th Cir. 1989). In order for a

"Harless-type" exception to be triggered, the public policy principles relied upon have typically been provided by the legislature. See Bumgardner v. McElroy Coal Co., 2009 U.S. Dist. LEXIS 16176 (N.D. W. Va. 2009) (citing Birthisel v. Tri-Cities Health Services Corp., 424 S.E.2d 606, 612 (W. Va. 1992).

A substantial public policy should be easily recognizable so as to "provide specific guidance to a reasonable person." Birthisel, 424 S.E.2d at 612. Specifically, in order to obtain relief under a claim for wrongful discharge in contravention of substantial public policy, the plaintiff must show:

> (1) [Whether a] clear public policy existed and was manifested in a state or federal constitution, statute, administrative regulation, or in the common law (the clarity element); (2) [Whether] dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element); (3) [Whether t]he plaintiff's dismissal was motivated by conduct related to the public policy (the causation element); and (4) [Whether t]he employer lacked an overriding business justification for the dismissal (the overriding justification element).

Swears v. R.M Roach & Sons, Inc., 2010 W. Va. LEXIS 47 (W. Va. 2010) (citing Feliciano v. 7-Eleven, Inc., 559 S.E.2d 713, 723 (W. Va. 2001)) (internal citations omitted).

In this case, Veltri fails to assert facts that establish whether a clear and substantial policy exists, and thus whether plaintiff's dismissal from Graybar jeopardized such a policy. Id. Additionally, aside from alleging that the defendant terminated Veltri's employment as a cost-saving measure, plaintiff provides no facts indicating that Graybar was motivated by the requisite

8

"forbidden intent." Caudill v. CCBCC, Inc., 651 F. Supp. 2d 499, 509 (S.D. W. Va. 2009) (citing Page v. Columbia Natural Resources, 480 S.E.2d 817, 828 (W. Va. 1996)). Therefore, Veltri's assertion that the defendant's acts contravened public policy is "extremely general" and does not relate to "a specific statement of public policy." Tudor v. Charleston Area Med. Ctr., Inc., 506 S.E.2d 554, 567 (W. Va. 1997).

Based on the foregoing conclusions, plaintiffs' claim for breach of public policy relies upon "unwarranted inferences" and makes "bare assertions devoid of further factual enhancement." Wahi, 562 F.3d at 615; Iqbal, 129 S. Ct. At 1949. In accordance with this view, Count IV must be dismissed.

C. Count V: Tort of Outrage

In Count V, plaintiff asserts the common law tort of outrage. Veltri alleges that his termination by Graybar was outrageous and in blatant disregard of his rights and privileges.

To prevail on a common law claim for the tort of outrage, a plaintiff must show the following four elements:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Travis v. Alcon Laboratories, Inc., 504 S.E.2d 419, 425 (W. Va. 1998).

The first prong requires that the plaintiff show atrocious conduct; it must be more than unkind or unfair. Id. Here, Veltri has not presented facts alleging conduct that an average member of the community would find outrageous. Id. at 428. Moreover, the facts, as presented in the complaint, do not speak to any conduct by Graybar that intentionally or recklessly inflicted emotional distress upon Veltri. Id. at 429. Furthermore, the complaint is silent as to the impact of the distress on the plaintiff or any treatment received. Id. The facts are also silent as to whether the distress suffered by Veltri was so severe that a reasonable person could not be expected to endure it. Id. at 430.

Although termination of one's employment creates a difficult and unpleasant situation, courts have rarely found this circumstance to rise to the level of outrage in West Virginia. See e.g., Hatfield, 672 S.E.2d 395, 404 (W. Va. 2008) (rejecting a claim for intentional infliction of emotional distress where a hospital hired an employee and then discharged her without warning four days later); Hines v. Hills Dep't Stores, Inc., 454 S.E.2d 385, 390 (W. Va. 1994) (holding that employer's conduct was not sufficiently outrageous when it both discharged and criminally prosecuted employees who had purchased improperly priced items).

Because Veltri has neither alleged facts showing sufficiently severe injuries, nor any facts indicating that Graybar's conduct went "beyond all possible bounds of decency," Veltri has failed to state a common law claim for the tort of outrage. Philyaw v. E.

Associated Coal Corp., 633 S.E.2d 8, 14 (W. Va. 2006) (citing Tanner v. Rite Aid, 461 S.E.2d 149, 157 (W. Va. 1995)). Rather, plaintiffs' claim is akin to "a formulaic recitation of the elements of a cause of action," Twombly, 550 U.S. at 555. Therefore Graybar's motion to dismiss Count V of the complaint must be granted.

D.  Count VI: Loss of Consortium

Plaintiff Theresa Veltri, wife of Joseph Veltri, asserts that as a result of her husband's termination by Graybar, she has sustained damage to her marriage.  She specifically alleges loss of consortium, solace, advice, and other spousal benefits.

Under West Virginia law, a spouse may bring a loss of consortium claim where there has been a tortious injury suffered by the other spouse. Shreve v. Faris, 111 S.E.2d 169, 172-173 (W. Va. 1959). However, it is also established that a claim for loss of consortium is a derivative of the underlying tort claims with which is it brought. See W. Va. Fire & Casualty Co. V. Stanley, 602 S.E.2d 483, 494 (W. Va. 2004).

Here, Theresa Veltri's loss of consortium claim is derivative of her husband's claim of outrage. Thus, because the common law claim for outrage must be dismissed, plaintiffs' Count VI claim for loss of consortium must also be dismissed.

## V.  Conclusion

For the reasons stated above, this Court finds that defendant Graybar Electric Company's partial motion to dismiss must be

GRANTED. Accordingly, Counts III, IV, V and VI of the complaint are DISMISSED; defendant's alternative motion for summary judgement is DENIED AS MOOT; and defendant's motion for oral argument is DENIED because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    June 9, 2010

/s/ Frederick P. Stamp, Jr.  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE