IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH J. VELTRI, JR. and
THERESA VELTRI, husband and wife,

    Plaintiffs,

v.                                      Civil Action No. 5:09CV101
                                                            (STAMP)
GRAYBAR ELECTRIC COMPANY, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION TO RECONSIDER
DISMISSAL OF COUNT III OF PLAINTIFFS' COMPLAINT**

I.    Procedural History

    Joseph J. Veltri, Jr. and Theresa Veltri, the plaintiffs in the above-styled civil action, filed a complaint in the Circuit Court of Ohio County, West Virginia, alleging six causes of action against the defendant. The defendant then removed this civil action to this Court. Thereafter, on June 9, 2010, this Court entered a memorandum opinion and order granting the defendant's partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which dismissed Counts III, IV, V, and VI of the plaintiffs' complaint.

    The plaintiffs filed a motion for this Court to reconsider the dismissal of Count III. The defendant filed a response. The plaintiffs did not file a reply. For the reasons set forth below, this Court denies the plaintiffs' motion for reconsideration.

II. Applicable Law

The plaintiffs file their motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly. Id. It is improper to use such a motion to ask the court to "rethink what the court has already thought through--rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

III. Discussion

The plaintiffs argue that this Court should reconsider its order dismissing Count III of the complaint. Count III alleges a "breach of employee handbook and established practices of the company." The plaintiffs cite to Graybar's General Instruction 3.1, which states that before an employee is laid off or removed,

2

the employee shall be considered and reasonable efforts made to place the employee in another position in the company for which the employee is qualified. The plaintiff also points to the deposition testimony of the branch manager for the defendant's Pittsburgh branch. Over the objection of counsel, the branch manager responded "that's true" to whether General Instruction 3.1 was violated on its face. The plaintiffs argue this general instruction is a form of a binding and enforceable legal contract which is sufficient to modify an at-will contract.

In its memorandum opinion and order, this Court held that the plaintiffs did not present facts to indicate the existence of a provision in an employee handbook which contained a promise of job security that would suffice to modify at-will employment. The plaintiffs did not raise General Instruction 3.1 in their complaint or in their response to the motion to dismiss. Two days after judgment has been entered in the case "is not the appropriate time to plead a key fact for the first time, absent a legitimate justification for not having alleged it during the earlier proceedings." Hanover Ins. Co. v. Corrpro Companies, Inc., 221 F.R.D. 458, 461 (E.D. Va. 2004). As stated in this Court's memorandum opinion and order, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plaintiffs did not offer factual support for

Count III. Accordingly, this Court will not amend its memorandum opinion and order dismissing Count III of the complaint.

## IV. Conclusion

For the reasons stated above, the plaintiffs' motion to reconsider this Court's June 9, 2010 memorandum opinion and order granting the defendants' motion to dismiss Count III is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the counsel of record herein.

DATED:    July 6, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE